FILED
CLERK, U.S. DISTRICT COURT
JAN - 5 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
JAN - 5 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITHEA T. YUNG, | NO. CV 00-7566-DDP (MAN) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS, |
| CAL TERHUNE, et al., | CONCLUSIONS AND RECOMMENDATION |
| Respondents. | OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, and the attached Report and Recommendation of United States Magistrate Judge. The time for filing Objections thereto having passed, and no Objections having been filed, the Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that: (1) Respondent's motion to dismiss is granted; and (2) Judgment shall be entered dismissing this action with prejudice.

///
///
///

..✓ DOCKETED
.... MLD COPY PTYS
.... MLD NOTICE PTYS
.. JS-6

ENTERED ON ICMS
JAN - 5 2001
CV

1    IT IS FURTHER ORDERED that the Clerk serve copies of this Order,
2 the Magistrate Judge's Report and Recommendation and the Judgment herein
3 on Petitioner and counsel for Respondent.
4
5    LET JUDGMENT BE ENTERED ACCORDINGLY.
6
7 DATED: __1-4__, ~~2000~~ 2001

          _____
          DEAN D. PREGERSON
          UNITED STATES DISTRICT JUDGE

Priority ✓
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
NOV 15 2000
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

VITHEA T. YUNG,

    Petitioner,

VS.

CAL TERHUNE, et al.,

    Respondents.

CASE NUMBER CV 00-07566-DDP(MAN)

NOTICE OF FILING OF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND LODGING
OF PROPOSED JUDGMENT AND/OR ORDER

TO: ALL PARTIES OF RECORD

Vithea T. Yung
CDC #P-22912
California Correctional Institution
P.O. Box 1906
Tehachapi, CA 93581

Deborah J. Chuang
Deputy Attorney General
300 South Spring Street
Los Angeles, CA 90013

You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment and/or order has been lodged on <u>November 16, 2000,</u> copies of which are attached.

Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than <u>December 11, 2000</u>, file and serve a written statement of objections with points and authorities in support thereof before the Honorable MARGARET A. NAGLE, U.S. Magistrate Judge.

Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

The report and recommendation of Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

CLERK, UNITED STATES DISTRICT COURT

Dated: November 16, 2000
Attachments

By _____Earlene Carson_____
    Deputy clerk

M-51(6/98)   NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER

FILED
CLERK, U.S. DISTRICT COURT

NOV 15 2000

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITHEA T. YUNG, | NO. CV 00-7566-DDP (MAN) |
|     Petitioner, | |
| v. | REPORT AND RECOMMENDATION OF |
| CAL TERHUNE, et al., | UNITED STATES MAGISTRATE JUDGE |
|     Respondents. | |

This Report and Recommendation is submitted to the Honorable Dean D. Pregerson, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### INTRODUCTION

Petitioner, a California state prisoner proceeding pro se, filed a "Petition For Writ Of Habeas Corpus By A Person In State Custody," pursuant to 28 U.S.C. § 2254, on July 12, 2000 ("Petition"). On September 12, 2000, Respondent filed a motion to dismiss the Petition on

the ground that the claim pleaded in the Petition is procedurally defaulted ("Motion"). On October 24, 2000, the Court issued an order to show cause to plaintiff, directing that he show cause regarding his failure to file an opposition to the Motion or, alternatively, that he file an opposition. On November 9, 2000, Petitioner filed his Opposition to the Motion.

Briefing deemed completed, the matter is ready for decision. For the reasons set forth below, it is recommended that the Motion be GRANTED and that the Petition be dismissed with prejudice.

**PRIOR PROCEEDINGS**

On October 19, 1998, after a jury trial in the Los Angeles Superior Court, Petitioner was convicted of first degree murder. The jury also found that Petitioner had personally used a firearm. (Petition at 3; Motion, Ex. A.) On December 3, 1998, Petitioner was sentenced to 35 years to life in state prison. (Id.)

Petitioner appealed his conviction. (Motion, Ex. B.) On February 22, 2000, in an unpublished decision, the California Court of Appeal affirmed the judgment against Petitioner. (Petition at 3; Motion, Ex. C.) Petitioner thereafter apparently sent an inquiry to the California Supreme Court regarding extending his time to file a petition for review. By letter dated March 13, 2000, the Clerk for the California Supreme Court advised Petitioner that: (1) the court "does not extend the time for filing a petition for review"; (2) in light of the date of the California Court of Appeal's opinion, the last date on which

1  Petitioner could file a timely petition for review was April 3, 2000;
2  (3) the court could permit a late filing for good cause, if Petitioner
3  submitted his petition for review and a timely Application for Relief
4  from Default, setting forth the reasons why a petition for review was
5  not timely filed; and (4) the court would lose jurisdiction on April 24,
6  2000, to consider or grant any relief in Petitioner's appeal.
7  (Petition, Ex. A at 32.)

9  Petitioner did not submit a timely petition for review to the
10 California Supreme Court by the April 3, 2000 deadline. Instead, on
11 April 24, 2000, he submitted a petition for review. (Petition, Ex. A.)
12 On that date, the Clerk for the California Supreme Court sent him a
13 letter advising that his petition for review was untimely and that, in
14 order for it to be considered, he was required to submit an application
15 for relief from default, setting forth his reasons for his failure to
16 timely file his petition for review. That letter also advised him that,
17 should he fail to do so by May 22, 2000, his petition for review would
18 be returned to him unfiled. (Motion, Ex. D at 44, 46.) Petitioner did
19 not file any application for relief from default. By letters dated May
20 24, 2000, and June 1, 2000, the Clerk of the California Supreme Court
21 returned his petition for review to Petitioner, advising him that, in
22 light of his failure to file an application for relief from default, the
23 court had lost jurisdiction, as of May 22, 2000, to consider or grant
24 relief of any nature in the appeal. (Petition, Exs. B at 34 and C at
25 26.)

27 On May 25, 2000, Petitioner filed a habeas petition with the
28 California Supreme Court. (Motion, Ex. D.) On August 30, 2000, the

3

California Supreme Court denied the petition summarily by citation to In re Waltreus, 62 Cal. 2d 218, 225, 42 Cal. Rptr. 9, 13 (1965). (Motion, Ex. E.)

### PETITIONER'S CONTENTION

Petitioner has raised a single ground for relief in the Petition: "The trial court's giving of CALJIC No. 17.10 on lesser included offenses violated appellant's right to due process because it effectively prevent [sic] the jury from properly deliberation [sic] on the lesser offenses" (the "Federal Claim"). (Petition at 6.)

Petitioner raised the Federal Claim in his direct appeal to the California Court of Appeal. (Motion, Ex. B.) That court rejected the Federal Claim on the merits. (Motion, Ex. C at 31.) Petitioner also attempted to raise the Federal Claim in the California Supreme Court through his untimely petition for review (Petition, Ex. A at 10-17); however, as noted above, that petition for review was neither filed nor considered. In his state habeas petition filed in the California Supreme Court, Petitioner did not specify any ground for state habeas relief and, instead, merely directed that court to "please see petition penned in this court." (Motion, Ex. D at 35-36.) That state habeas petition was denied by citation to Waltreus, supra. (Motion, Ex. E.)

Accordingly, it is undisputed that the California Supreme Court has not considered the Federal Claim on the merits.

///
///

DISCUSSION

By the Motion, Respondent raises a single ground for dismissal, namely, he contends that the Federal Claim is barred by the doctrine of procedural default. (Motion at 2-5.)

The doctrine of procedural default provides that, when a state court clearly denies a claim for failure to comply with a state procedural rule, federal habeas review generally will be unavailable. See Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S. Ct. 2590, 2593 (1991); Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994). The essence of the doctrine is that, as with the related concept of exhaustion, the state courts must be given the opportunity to address a petitioner's federal claims on the merits before the petitioner will be allowed to seek relief on those claims in the federal courts. See Siripongs v. Calderon, 35 F.3d 1308, 1317 (9th Cir. 1994). If the petitioner deprives the state courts of this opportunity by violating a state procedural rule, the claims will be procedurally defaulted in federal court. See Coleman v. Thompson, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555 (1991). Federal courts should not find a procedural default unless the state court has explicitly invoked a procedural bar as a basis for its decision. See McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir. 1995).

I. The Petition Is Procedurally Defaulted.

Respondent does not contend that it was the California Supreme Court's citation of Waltreus in its denial of the Petitioner's state

habeas petition, which constitutes a procedural bar to hearing the Federal Claim. Indeed, the United States Supreme Court has made it clear that a California state court order denying habeas relief by a Waltreus citation is neither a ruling on the merits nor a procedural denial. See Ylst, 501 U.S. at 805, 111 S. Ct. at 2595. Federal courts are required to "look through" a Waltreus citation to find the basis for the last reasoned state court judgment on the claims in question. Id. at 804-05, 111 S. Ct. at 2595.

Respondent argues that the crux of Petitioner's procedural default is his failure to file a petition for review with the California Supreme Court. Specifically, Respondent contends that, pursuant to the Ninth Circuit's decision in Forrest v. Vasquez, 75 F.3d 562 (9th Cir. 1996), it was Petitioner's failure to file a timely petition for review which constituted a procedural default, under Rule 28(b) of the California Rules of Court. Respondent's contention is well-taken.

In Forrest, as in this case, the petitioner appealed his conviction to the California Court of Appeal, but did not file a timely petition for review with the California Supreme Court. Instead, the petitioner in Forrest filed an application for relief from default with the California Supreme Court, which was denied. Thereafter, as here, the petitioner filed a habeas petition with the California Supreme Court raising the same claim raised in the direct appeal to the California Court of Appeal, and the California Supreme Court denied it by citation to Waltreus. 75 F.3d at 563.

6

Applying the Ylst "look-through" doctrine, the Ninth Circuit in Forrest first looked through the California Supreme Court's denial of habeas relief by citation to Waltreus. However, the Court concluded that, under the circumstances, there was no need to "look-through" the denial of Petitioner's application for relief from default. The Court concluded it was clear that the California Supreme Court must have relied on Rule 28(b) of the California Rules of Court, which sets a time limit on filing petitions for review.[1] "[W]e look through Waltreus to an order that was clearly based on Forrest's failure to comply with a procedural rule." 75 F.3d at 564. "The 'nature' and 'surrounding circumstances' of the unexplained order clearly show that the basis of the decision was procedural default." Id.

In reaching its decision that the petitioner's claim was procedurally defaulted, the Court in Forrest discussed the effect of a denial of state habeas relief based on a citation to Waltreus. The Court noted that, as occurred here, the petitioner had raised his claim on direct appeal before the California Court of Appeal but not in a timely petition for review.

> This failure cost Forrest his only chance to present properly his claim to the California Supreme Court because Waltreus prohibits that court from reviewing on habeas any claim raised

---

[1] Under Rule 28(b) of the California Rules of Court, a petition for review to the California Supreme Court must be filed within 10 days after the Court of Appeal's decision has become final. In Forrest, the Ninth Circuit found Rule 28(b) to be an adequate and independent procedural ground sufficient to bar federal review under the procedural default doctrine. 75 F.3d at 564.

7

      during the direct appeal process. The effect of the *Waltreus* rule is that a California prisoner wishing to exhaust remedies in state court should generally present his claim to the California Supreme Court in a petition for direct review, rather than a habeas petition.

75 F.3d at 563. The Court noted that, because the petitioner had failed to file a petition for review, <u>Waltreus</u> prohibited the California Supreme Court from considering his claim on habeas review and, "[a]s a result, Forrest deprived the highest state court of an opportunity to address his claim in the first instance, and his claim is procedurally defaulted." <u>Id</u>.

      Here, Petitioner similarly "deprived the highest state court of an opportunity to address his claim in the first instance" by his failure to file a timely petition for review. As discussed above, the California Supreme Court repeatedly advised Petitioner that his petition for review submitted on April 24, 2000, was untimely and that he would need to file an application for relief from default for it to be considered. Petitioner did not do so, and as the California Supreme Court advised him would occur, that court then lost jurisdiction to consider his petition for review. As in <u>Forrest</u>, although the California Supreme Court did not explicitly cite to Rule 28(b) in rejecting and returning his petition for review, it is clear in view of the "'nature' and 'surrounding circumstances'" of that rejection (<u>Forrest</u>, 75 F.3d at 564) that the court's refusal to file and consider the petition for review was based on its unexcused untimeliness. Hence, as in <u>Forrest</u>, "the basis of the decision was procedural default." <u>Id</u>.

As a result of Petitioner's conduct, <u>Waltreus</u> barred the California Supreme Court from considering the Federal Claim on state habeas review. Petitioner's failure to submit a timely petition for review and his failure to seek relief from his default deprived the California Supreme Court of an opportunity to consider the Federal Claim on direct appeal. Petitioner, thus, deprived California's highest court of an opportunity to hear the Federal Claim in the first instance, and the Petition is procedurally defaulted. See <u>Coleman</u>, 501 U.S. at 732, 111 S. Ct. at 2555.

II. <u>The Procedural Default Cannot Be Excused</u>.

Petitioner's procedural default on the Federal Claim may be excused if he can show: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) a fundamental miscarriage of justice resulting from a failure to consider his defaulted claims. See <u>Coleman</u>, 501 U.S. at 750, 111 S. Ct. at 2565; <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1126 (9th Cir. 1998).

To show "cause" for the default, Petitioner must demonstrate that some objective, external factor -- "something external to the petitioner, something that cannot fairly be attributed to him" -- impeded him from complying with the state procedural rule. <u>Coleman</u>, 501 U.S. at 753, 111 S. Ct. at 2566. Petitioner has made no such showing in this case. In his Opposition, Petitioner merely states that he is a "layman at law" and asks the Court to excuse his procedural default on that basis. (Opposition at 2.) However, it is well-established that a lack of legal training, reliance on "jailhouse lawyers," and/or lack of knowledge of

state appellate rules does not constitute "cause" for relieving a procedural default. See, e.g., Boyd, 147 F.3d at 1127; Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

The Court notes that, as a part of his state habeas petition, Petitioner submitted a declaration in which he states that he was unable to file his petition for review by its April 3, 2000 deadline because, on March 13, 2000, his institution was on lockdown status. He also states that, because he has no legal training, he had another prisoner prepare the petition for review which the California Supreme Court ultimately received on April 24, 2000. (Motion, Ex. D at 42.) Given that Petitioner was able to submit his petition for review by April 24, 2000, and given the California Supreme Court's repeated advice to him regarding the need to submit an application for relief from default and what matters that application should include,[2] it is clear that neither any prior lockdown nor Petitioner's lack of legal training prevented him from filing his petition for review. Rather, Petitioner simply ignored the California Supreme Court's repeated advice to file a simple application for relief from default. He failed to include the application with his petition for review, and despite being advised that he needed to submit his application before May 22, 2000, on which date the California Supreme Court would lose jurisdiction, he failed to

---

[2] The California Supreme Court explicitly advised Petitioner that he needed to submit only an original application for relief from default, which needed to explain his reasons for failing to file a timely petition for review. That court also advised him that his application must contain a signed declaration stating, "'I declare under penalty of perjury that the above is true and correct.'" (Motion, Ex. D at 44, 46; Petition, Ex. A at 32.)

10

submit the application subsequently. Critically, during this same period, Petitioner <u>was</u> able to submit his state habeas petition to the California Supreme Court. (Motion, Ex. D at 47, indicating that Petitioner sent his state petition for filing on May 22, 2000.) This fact, on its own, prevents the Court from finding any "cause." See Hughes, 800 F.2d at 909 ("When a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court.").

The circumstances here do not establish any "cause" for Petitioner's procedural default. Accordingly, the Court need not reach the issue of "prejudice." See Coleman, 501 U.S. at 502, 111 S. Ct. at 1474; Boyd, 147 F.3d at 1127; Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

The fundamental miscarriage of justice exception to the procedural default bar requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995). To satisfy this standard, Petitioner must introduce some new, reliable evidence that was not presented at trial, and then show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 324, 329, 115 S. Ct. at 865, 868. Petitioner has not argued, much less presented any evidence, that he is actually innocent. Accordingly, this Court cannot apply "this narrow exception." Boyd, 147 F.3d at 1127.

11

Accordingly, given Petitioner's failure to establish cause and prejudice, his procedural default of the Federal Claim cannot be excused, and federal habeas review of the Federal Claim is barred.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the District Court issue an Order:  (1) accepting and adopting this Report and Recommendation; (2) granting Respondent's motion to dismiss; and (3) directing that Judgment be entered dismissing this action with prejudice.

Dated: November 15, 2000.

*MARGARET A. NAGLE*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.